UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN FRANCIS ARPINO,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:14-cv-00034-MMD-VPC<br><br>ORDER |

Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a petition for a writ of habeas corpus. The Court finds that petitioner is unable to pay the filing fee. The Court has reviewed the petition, and petitioner will need to show cause why the Court should not dismiss the action.

Petitioner has used the wrong form for his habeas corpus petition. He alleges that he is in custody pursuant to a state-court judgment of conviction. Consequently, this action is governed by 28 U.S.C. § 2254. Petitioner has used the form for a habeas corpus petition pursuant to 28 U.S.C. § 2241. At this time, petitioner does not need to act upon this defect, but he will if he shows cause why the Court should not dismiss the action.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's

highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The Court takes judicial notice of the docket of the Second Judicial District Court in *State v. Arpino*, Case No. CR13-0259.[1] The Court also takes judicial notice of the docket of the Nevada Supreme Court in *Arpino v. State*, No. 63699.[2] Petitioner was convicted of burglary, assault with a deadly weapon, and grand larceny. Petitioner appealed, and the Nevada Supreme Court affirmed. Petitioner also has submitted to the Nevada Supreme Court various petitions for writs of mandamus and other extraordinary relief.  Petitioner has not filed in state district court a post-conviction petition for a writ of habeas corpus pursuant to Chapter 34 of the Nevada Revised Statutes.

Much of the petition appears to be unexhausted. The only issue that petitioner presented on direct appeal was whether his trial was speedy. Petitioner presents similar claims in his petition. However, petitioner also presents claims of judicial misconduct and ineffective assistance of counsel. Petitioner did not present any of these claims in his direct appeal. In particular, petitioner could not have presented the ineffective-assistance claims on direct appeal, because Nevada requires those claims to be presented in a habeas corpus petition filed with a state district court. *Gibbons v. State*, 634 P.2d 1214 (Nev. 1981). The petitions for extraordinary relief that petitioner filed with the Nevada Supreme Court would not exhaust his available state-court remedies because he can raise the same issues in a habeas corpus petition filed in district court pursuant to Chapter 34 of the Nevada Revised Statutes. *Hosier v. State*, 117 P.3d 212, 213-14 (Nev. 2005). An original petition to a state high court, which seeks to invoke discretionary jurisdiction in lieu of available state post-conviction remedies, does not

---

[1] http://www.washoecourts.com/index.cfm?page=casedesc&case_id=cr13-0259 (report generated July 23, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=31884 (report generated July 23, 2014).

fairly present the claims in the petition for purposes of the exhaustion requirement. *See*, e.g., *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981). *Accord Lindquist v. Gardner*, 770 F.2d 876 (9th Cir. 1985). Consequently, the claims of judicial misconduct and ineffective assistance of counsel appear to be unexhausted, and this action is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

Petitioner has submitted a motion to extend copywork limit. At the moment, additional photocopying resources are unnecessary. Petitioner first must show cause why the court should not dismiss this action.

Plaintiff has submitted a motion for an indigent petitioner to be provided documents without cost (dkt. no. 4). The Court denies this motion for two reasons. First, Petitioner must show cause why the Court should not dismiss this action. Second, the documents that petitioner describes are those that respondents would submit with a response to the petition, if one is ordered.

Plaintiff has submitted a motion for default judgment (dkt. no. 5). The Court denies this motion for two reasons. First, default judgment does not exist in federal habeas corpus. *Gordon v. Duran*, 895 F.2d 612 (9th Cir. 1990). Second, respondents could not have failed to respond to the petition because the Court has not yet served the petition upon respondents and directed a response.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court shall file the petition for a writ of habeas corpus.

It is further ordered that the Clerk of the Court shall file the motion to extend copywork limit.

It is further ordered that the motion to extend copywork limit is denied.

It is further ordered that the motion for an indigent petitioner to be provided documents without cost (dkt. no. 4) is denied.

It is further ordered that the motion for default judgment (dkt. no. 5) is denied.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why this action should not be dismissed for petitioner's failure to exhaust his available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

DATED THIS 24th day of July 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4