UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHN FRANCIS ARPINO, | Case No. 3:14-cv-00034-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

The Court directed petitioner to show cause why this action should not be dismissed for failure to exhaust his available state-court remedies for all of his grounds. *See* 28 U.S.C. § 2254(b). Petitioner has submitted a response (dkt. no. 14). Petitioner does not dispute the Court's earlier determination that almost all of his grounds are unexhausted. Instead, petitioner argues that the judicial system of the State of Nevada is constitutionally flawed. The Court disagrees. Petitioner's difficulty with the Nevada courts is that he is trying to present his claims through procedurally incorrect means, such as original petitions filed directly with the Nevada Supreme Court, instead of using the procedure available to him, a post-conviction habeas corpus petition pursuant to Chapter 34 of the Nevada Revised Statutes. In at least two cases that petitioner has filed with the Nevada Supreme Court, that court has told petitioner to raise his claims through a post-conviction habeas corpus petition. *Arpino v. Second Judicial District Court*, No. 63885;[1] *Arpino v. Second Judicial District Court*, No. 65046.[2] This Court

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32070 (report generated October 20, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33237 (report generated October 20, 2014).

makes no comment on whether petitioner's claims have merit, but that is the procedure that he must use before he can turn to this Court. Consequently, the Court will dismiss this action.

This action does not toll the one-year period of 28 U.S.C. § 2244(d). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). If petitioner files a new federal habeas corpus petition, he is responsible for ensuring that it is timely.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that this action is dismissed without prejudice for petitioner's failure to exhaust his available state-court remedies. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 30th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE