UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN FRANCIS ARPINO, <br><br> Plaintiff, <br> v. <br> ISIDRO BACA, et al., <br><br> Defendants. | Case No. 3:14-cv-00034-MMD-VPC <br><br> ORDER |

The Court dismissed this action because petitioner had not exhausted his state-court remedies for all of his grounds for relief. Order (dkt. no. 16). Petitioner has submitted a motion for relief from the judgment (dkt. no. 18). The Court should have been more explicit in the options that it presented to petitioner, and the Court will grant his motion.

Ground 1 of the petition (dkt. no. 12) is a claim that petitioner's right to a speedy trial was violated. This claim is exhausted.

As the Court has explained in its screening order (dkt. no. 11), the remaining grounds have never been presented to the Nevada Supreme Court in a procedurally correct manner, and they are not exhausted. Petitioner argues that he did what he could, but his appointed counsel and the state district judge blocked him. However, petitioner has never pursued a post-conviction habeas corpus petition pursuant to Chapter 34 of the Nevada Revised Statutes, despite the Nevada Supreme Court telling him that that is the correct procedure to raise his claims. The remaining grounds all are unexhausted.

The petition (dkt. no. 12) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 2 through 14 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 2 through 14, or he may move to stay this action while he returns to state court to exhaust grounds 2 through 14. If petitioner chooses the second option, the Court makes no assurances about the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The Court makes no statement whether petitioner can satisfy the requirements of a state post-conviction habeas corpus petition.

Petitioner has filed a motion pursuant to 28 U.S.C. § 2250 (dkt. no. 19), asking the Court to order the Clerk of the Court to furnish two complete certified copies of the entire record in this action. Petitioner has not given any reason for such a blanket request, and the Court sees none.

It is therefore ordered that petitioner's motion pursuant to 28 U.S.C. § 2250 (dkt. no. 19) is denied.

It is further ordered that petitioner's motion for relief from the judgment (dkt. no. 18) is granted. This action is reinstated. The Clerk of the Court shall send a copy of this order to the Court of Appeals, case number 14-17235.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this Court in a sworn declaration that he wishes to dismiss grounds 2 through 14 of his petition (dkt. no. 12), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his petition (dkt. no. 12) to return to state court to exhaust his state

remedies with respect to the claims set out in grounds 2 through 14 of his petition (dkt. no. 12), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 2 through 14 of his petition (dkt. no. 12). Failure to comply will result in the dismissal of this action.

DATED THIS 3rd day of April 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE